UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00325-FDW
(3:16-cr-00202-FDW-DSC-1)

| | |
|---|---|
| ANTONIO DEAN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 3].

**I.   BACKGROUND**

On October 20, 2016, Petitioner Antonio Dean Moore was charged in a Superseding Indictment with two counts of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts One and Three); one count of possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two); one count of possessing with intent to distribute a mixture and substance containing 500 grams or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Four); and one count of use and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). [CR Doc. 16:

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00325-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00292-FDW-DSC-1.

Superseding Indictment]. The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Four, and Five in exchange for which the Government agreed to dismiss Counts Two and Three. [CR Doc. 20 at 1: Plea Agreement]. In the plea agreement, Petitioner stipulated to the factual basis that was filed with his plea agreement. [Id. at 5]. The factual basis set forth the offense conduct in detail, including several controlled buys conducted by law enforcement and confidential informants, a sale of a firearm by Petitioner to a confidential informant and undercover officer, and Petitioner's possession of two other firearms. [See CR Doc. 21: Factual Basis]. The factual basis also provided that Petitioner "had previously been convicted of an offense punishable by more than a year in prison at the time of [the firearm] transaction." [Id. at 2]. The plea agreement set forth, in pertinent part, as follows:

> 19. [Petitioner] has discussed with his attorney: (1) [Petitioner's] rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction action after entering into a Plea Agreement; (2) whether there are potential issues relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability of entering into this Plea Agreement.
>
> 20. [Petitioner], in exchange for the concessions made by the United States in this Plea Agreement, waives all such rights to contest the conviction and/or sentence except for claims of: (1) ineffective assistance of counsel or (2) prosecutorial misconduct.

[CR Doc. 20 at 5].

The Magistrate Judge conducted Petitioner's Rule 11 hearing on December 29, 2016. [CR Doc. 22]. At that time, Petitioner testified under oath that he was guilty of the charges to which he was pleading guilty, that he understood and agreed to be bound by the terms of his plea agreement, and that he had read, understood and agreed with the factual basis. [CR Doc. 6 at ¶¶ 24, 26, 30-31]. Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction

2

proceedings. [See id. at ¶¶ 27-28]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at p. 4].

Prior to Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 28: PSR]. In the PSR, the probation officer recommended a Total Offense Level of 23 and a Criminal History Category of II,[2] yielding a recommended guidelines range of 51 to 63 months' imprisonment. [Id. at ¶¶ 42, 61, 97]. However, because the statutory minimum sentences were greater than the minimum guideline range, the probation officer concluded that the guideline range was 60 to 63 months. [Id. at ¶ 97]. The PSR also noted that the term of imprisonment on the § 924(c) offense had to be imposed consecutively to any other counts. [Id. at ¶ 96].

On May 1, 2017, the Court sentenced Petitioner to a term of imprisonment of 60 months on each of Counts One and Four, to run concurrently, and a term of imprisonment of 60 months on Count Five, to run consecutively to the term on Counts One and Four, for a total term of imprisonment of 120 months. [CR Doc. 31 at 2: Judgment]. Judgment was entered on Petitioner's conviction and sentence on May 24, 2017. [Id.]. Petitioner did not directly appeal his conviction or sentence.

Petitioner timely filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. As grounds for this relief, Petitioner claims the "Plea Agreement and Conviction § 922(g) [are] no longer valid." [Id. at 4]. Petitioner argues that "[t]he Supreme Court decided and recognized a new right in, Rehaif[3] on June 21, 2019 and the Fourth Circuit

---

[2] Petitioner's criminal history included, among other things, a September 2005 conviction for voluntary manslaughter for which Petitioner was sentenced to a term of imprisonment of 61 to 83 months. [Doc. 28 at ¶ 56].

[3] In Rehaif, 139 S. Ct. 2191 (2019), the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm

3

adopted and expanded the rule to encompass guilty pleas therefore retroactively applicable to this case in, Gary.⁴" [Id. at 15].  Petitioner requests "immediate relief" and that the Court "vacate his § 922(g) plea and conviction." [CV Doc. 1 at 12, 15].  Petitioner, however, does not request a trial on this charge.

The Court ordered the Government to respond to Petitioner's motion. [CV Doc. 2]. The Government timely moved to dismiss. [CV Doc. 3]. Petitioner replied. [CV Doc. 4].

This matter is ripe for adjudication.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, defendant may not "raise independent claims relating to the

---

and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

⁴ In United States v. Gary, 954 F.3d 194 (4th Cir. 2020), the Fourth Circuit held that a Rehaif error incident to a guilty plea "seriously affects the fairness, integrity or public reputation of judicial proceedings" and vacated the defendant's guilty plea and convictions on direct appeal. Gary, 954 F.3d at 208 (quoting United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770 (1993)). In Gary, there was no plea agreement or waiver of appellate or post-conviction rights. See id., 954 F.3d at 199. The Supreme Court recently granted the Government's petition for writ of certiorari in Gary. United States v. Gary, --- S. Ct. ---, 2021 WL 77245 (Jan. 8, 2021).

4

deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal case." Id.

An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims," such as a sentence in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, the Court complied with Rule 11 and Petitioner's waiver of his appellate and post-conviction rights was knowingly and voluntarily made. The Court questioned Petitioner whether he understood the nature of the charges, his sentencing exposure, the rights he was waiving by pleading guilty, and the consequences of pleading guilty, including the waiver of his appellate and post-conviction rights. Petitioner affirmed his understanding of the foregoing. Petitioner also admitted that he was in fact guilty of the charges he was pleading to. Petitioner's guilty plea was, therefore, freely and voluntarily entered. See generally Lemaster, 403 F.3d at 221-22 (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). As such, Petitioner's knowing and voluntary guilty plea, including the waiver of post-conviction rights, waived Petitioner's present claim. See

United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (a waiver remains valid even in light of a subsequent change in law).

Furthermore, a § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised." Id. Futility does not establish cause to excuse procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evidenced from the record. See Bousley, 523 U.S. at

6

621-22. In fact, Petitioner does not contend – and the record contravenes – that he was or could have been unaware of this felony status at the time he possessed the firearm at issue. To be sure, Petitioner was convicted of voluntary manslaughter and sentenced to a term of imprisonment of 61 to 83 months. Furthermore, Petitioner makes no showing that he was substantially disadvantaged by being unaware of the knowledge requirement. While Petitioner makes a bare claim of prejudice [see CV Doc. 4 at 1] and asks that his § 922(g) plea and conviction be vacated, he does not allege that he would not have pleaded guilty had he known this requirement.

In sum, Petitioner's instant claim, which he bases on Rehaif and Gary, has been waived and is procedurally barred, in any event. It will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition and grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss [Doc. 3] is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: January 27, 2021

*(signature)*

Frank D. Whitney
United States District Judge

8

Case 3:16-cr-00202-FDW-DSC   Document 44   Filed 01/28/21   Page 8 of 8