UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00202-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ANTONIO DEON MOORE, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for Reduction in Sentence, (Doc. No. 38). The Government has filed a response in opposition to the motion. (Doc. No. 41). While this motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from "LSCI Butner Low" (see Doc. No. 38) to Lexington FMC.[1]

Defendant seeks a reduction in his sentence to time served and the imposition of a special condition that he serve a period of home confinement on supervised release. He cites 18 U.S.C. § 3582(c)(1)(A) as the statute allowing the Court to grant the relief requested. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C.

---

[1] See https://www.bop.gov/inmateloc/ visited 11/3/2021.

1

§ 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[2]

Defendant's motion, filed pro se and only a few sentences long, fails to set forth any sufficient reason for this Court to reduce his sentence. First, he has failed to demonstrate he has exhausted his administrative remedies. However, given the duration for which this motion has been pending, the Court will presume without deciding that the administrative exhaustion requirement is satisfied at least as it relates to his prior incarceration at Butner.

Second, Defendant fails to make any particularized argument as to what grounds exist to justify the sentence reduction under any provision of 18 U.S.C. § 3582(c)(1)(A). Indeed, Defendant's motion only briefly mentions the need for him to "protect himself from the spread of the Novel Coronavirus of 2019 (COVID-19) by sheltering in a place at his residence in light of the high number of cases and deaths at LSCI Butner Low." (Doc. No. 38). As noted above, Defendant's place of facility has changed since the filing of this motion, which moots the entire

---

[2] Here, the Government has argued several factors within U.S.S.G. § 1B1.13 support its respective positions on Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ['BOP']." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][otwithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

basis upon which Defendant's motion rests. Defendant's transfer out of Butner has alleviated his concerns about his particular vulnerability to contracting COVID-19 within that facility, and he has not submitted any additional argument or evidence on the prevalence or risk of COVID-19 cases at the new facility where he is serving his sentence. Furthermore, Defendant's bare assertion regarding the risk associated with COVID-19, without more, fails to provide an "extraordinary and compelling reason" to justify a reduction in his imposed term of imprisonment. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). Indeed, as my fellow colleague from the Middle District of North Carolina has explained:

> While circumstances that "undoubtedly increase a prison sentence's punitive effect" may constitute extraordinary and compelling circumstances in some individual cases, United States v. Kibble, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during their incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the "exception that swallows the general rule of finality." United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021). This is particularly true of inmates confined in congregate living situations during the COVID-19 pandemic.

United States v. Chavis, No. 1:18-CR-481-3, 2021 WL 2784653, at *3 (M.D.N.C. July 2, 2021). "Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic." United States v. Hood, No. 5:18-CR-5-KDB, 2021 WL 3476142, at *1 (W.D.N.C. Aug. 6, 2021) (collecting cases). Thus, Defendant's incarceration during the pandemic does not constitute an "extraordinary and compelling" circumstance warranting early release, and

3

Defendant has failed to provide any argument or evidence to suggest he has any medical conditions that might exacerbate his risk associated with COVID-19.

Third, Defendant makes neither argument nor reference to any applicable 18 U.S.C. § 3553(a) factors or post-sentencing mitigation conduct to support his request for a sentence reduction. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)). Without any argument or evidence to support his motion, the Court declines to exercise its discretion under this record to reduce Defendant's term of imprisonment.

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction in Sentence (Doc. No. 38) is DENIED WITHOUT PREJUDICE. In light of the narrow arguments asserted by Defendant, which have been mooted by his transfer to a new facility, the Court's ruling here leaves open the opportunity for Defendant to file a new motion that argues different extraordinary and compelling reasons, including the conditions of confinement at his new facility, to support a reduction in sentence.

IT IS SO ORDERED.

Signed: November 3, 2021

Frank D. Whitney
United States District Judge